IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION



LOUIS P. SKUFCA, JR.,

    Petitioner,

VS.                                No. 05-1136-T/An

CHERRY LINDAMOOD,

    Respondent.

---

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER CORRECTING THE DOCKET
ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

Petitioner Louis P. Skufca, Jr., Tennessee Department of Correction prisoner number 316068, an inmate at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee, filed a *pro se* petition pursuant to 28 U.S.C. § 2254 on May 10, 2005, along with a motion seeking leave to proceed *in forma pauperis*. Based on the information set forth in the prisoner's application, the motion for leave to proceed *in forma pauperis* is GRANTED. The Clerk is directed to record the respondent as SCCF warden Cherry Lindamood and to remove Kevin Myers and the Tennessee Attorney General as parties to this action.[1]

---

[1] Myers is a previous warden at the SCCF. The proper respondent to a habeas petition is the petitioner's present custodian. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2718 (2004).

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on   07-20-05

I.   STATE COURT PROCEDURAL HISTORY

On February 22, 2000, Skufca entered a guilty plea to the offense of aggravated sexual battery in the McNairy County Circuit Court. He was sentenced to eight years as a 100% violent offender and was ordered to community supervision for life pursuant to Tenn. Code Ann. § 39-13-524. Judgment was entered on or about March 28, 2000.[2]

Skufca filed a *pro se* petition pursuant to Tennessee Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-101 to -122,[3] in the McNairy County Circuit Court on an unspecified date. The petition was summarily dismissed as untimely, and the petitioner apparently contends that he appealed that determination, although the documents submitted by the petitioner do not indicate when that appeal was decided.

On August 9, 2002, Skufca filed a *pro se* petition pursuant to 28 U.S.C. § 2254, which was docketed as Skufca v. Myers, No. 02-1201-T (W.D. Tenn.). Although the petition was less than clear, it appeared to raise the following issues:

1. Skufca's conviction was based on an unlawfully induced and involuntary guilty plea, because he believed he would be sentenced as a Range I standard offender and he was not aware that he would be sentenced to community supervision;

2. The plea agreement is invalid because it was issued out of the Circuit Court of Hardeman County, Tennessee, which did not have jurisdiction

---

[2] There is an ambiguity in the judgment, which is attached to the petition. The judge signed the judgment on March 10, 2000, and the label below the space on which the date was handwritten says "Date of Entry of Judgment." However, the judgment also bears a stamp from the court clerk indicating the judgment was received for entry on March 28, 2000.

[3] At the time Skufca's postconviction petition was filed, the Post-Conviction Procedure Act was codified at Tenn. Code Ann. § 40-30-201 to -222. The sections were renumbered in 2003.

2

over an indictment issued in McNairy County;

3. His conviction was obtained through a coerced confession;

4. His conviction was obtained by use of evidence obtained pursuant to an unconstitutional search and seizure;

5. His conviction was obtained by use of evidence obtained pursuant to an unlawful arrest;

6. His conviction was obtained by a violation of the privilege against self-incrimination; and

7. He received ineffective assistance of counsel in violation of the Sixth Amendment.

The Court issued an order on March 28, 2003 dismissing the petition as barred by procedural default. Judgment was entered on March 31, 2003. The Sixth Circuit denied a certificate of appealability.

Skufca subsequently filed a *pro se* petition for a writ of habeas corpus pursuant to Tenn. Code Ann. § 29-21-101 *et seq.* in the Circuit Court of Wayne County, Tennessee, on an unspecified date. The trial court summarily dismissed the petition without an evidentiary hearing, and the Tennessee Court of Criminal Appeals affirmed. Skufca v. State, No. M2004-00954-CCA-R3-HC, 2004 WL 2346014 (Tenn. Crim. App. Oct. 18, 2004), *perm. app. denied* (Tenn. Mar. 28, 2005).

## II. PETITIONER'S FEDERAL HABEAS CLAIMS

In his most recent federal habeas petition, Skufca raises the following issues:

1. His conviction was based on an unlawfully induced and involuntary guilty plea, because he believed he would be sentenced as a Range I

3

standard offender and he was not aware that he would be sentenced to community supervision; and

2. The plea agreement is invalid because it was issued out of the Circuit Court of Hardeman County, Tennessee, which did not have jurisdiction over an indictment issued in McNairy County.

## III. ANALYSIS OF THE MERITS

The first issue to be considered whether Skufca is entitled to raise these claims in a § 2254 petition due to the fact that he previously filed a § 2254 petition attacking the same criminal judgment. Twenty-eight U.S.C. § 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

Each of the claims raised in the instant petition was raised in case no. 02-1201-T and was dismissed as unexhausted but procedurally barred.[4] Skufca is not entitled to relitigate these

---

[4] When a habeas petitioner's claims have not been properly exhausted but a state procedural rule prohibits the state court from extending further consideration to them, the claims are deemed exhausted, but procedurally barred. Coleman v. Thompson, 501 U.S. 722, 752-53 (2001); Teague v. Lane, 489 U.S. 288, 297-99 (1989); Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977). In case no. 02-1201, this Court held that:

> Petitioner's claims have never been addressed by the Tennessee state courts. Further presentation of these claims is now barred by both Tennessee's state post-conviction petition statute of limitations and by Tennessee's one-petition rule. See Tenn. Code Ann. § 40-30-202(a), (c) (1997). Thus, the claims are exhausted through Skufca's procedural default, and he has no avenue remaining for presentation of the claims due to the state statute of limitations on state post-conviction relief.

(3/28/03 Order at 3-4.)

The fact that Skufca raised the issues presented in this petition in his state habeas petition does not alter this conclusion. Pursuant to Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993), state habeas relief is only available if the judgment was void because the convicting court was without jurisdiction or if the petitioner is in custody on an expired sentence. The Tennessee Court of Criminal Appeals held that state habeas relief was not available in this case because, even if Skufca's arguments were accepted, his judgment is not facially void. Skufca v. State, 2004 WL 2346014, at *1. Thus, the issues presented by Skufca were not cognizable in a state habeas petition, and his filing of that petition does not alter the Court's previous conclusion that "he has no avenue remaining for presentation of the claims."

4

issues in a second or successive § 2254 petition.[5]

Because it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," summary dismissal prior to service on the respondent is proper. Rule 4, Section 2254 Rules. The petition is DISMISSED.

IV.   APPEAL ISSUES

The Court must also determine whether to issue a certificate of appealability ("COA"). The statute provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>    (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105

---

[5] Even if that were not the case, the instant petition, like the original petition, is time barred. The one-year limitations period applicable to these claims commenced running when Skufca's conviction became final, 28 U.S.C. § 2244(d)(1)(A), which occurred 30 days after entry of judgment, Tenn. R. App. P. 4(a), (c). Assuming that judgment was entered on March 28, 2000, the running of the limitations period commenced on April 27, 2000. Although the running of the limitations period is tolled, pursuant to 28 U.S.C. § 2244(d)(2), while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," no tolling occurred in this case because Skufca's original postconviction petition was untimely. Pace v. DiGuglielmo, 125 S. Ct. 1807, 1811-12 (2005). Accordingly, the period for filing a timely § 2254 petition expired on April 27, 2001. In light of the Supreme Court's recent decision in Pace, it is now clear that the petition in case no. 02-1201, which was signed on August 5, 2002, and the instant petition, which was filed on May 10, 2005, are untimely.

F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2254 petitioner may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA: "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[6]

In this case, there can be no question that any appeal by this petitioner on the sole issue raised in this petition does not deserve attention for the reasons previously stated. The Court, therefore, DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying habeas petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a habeas case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* and supporting affidavit in the Court of Appeals. Fed. R. App.

---

[6] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

7

P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal *in forma pauperis* is DENIED. Accordingly, if petitioner files a notice of appeal, he must also pay the entire $255 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 18th day of July, 2005.

James D. Todd
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 1:05-CV-01136 was distributed by fax, mail, or direct printing on July 20, 2005 to the parties listed.

---

Louis P. Skufca
SCCF-CLIFTON
316068
P.O. Box 279
Clifton, TN 38425--027

Honorable James Todd
US DISTRICT COURT